UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



———————————————————————

ISAAC WYNN,

        Plaintiff,

    v.

TODD BAXTER, *Monroe County Sheriff,*
PRIMECARE MEDICAL, MONROE
COUNTY, MS. BROWN,[1]

        Defendants.

———————————————————————

23-CV-6648-FPG
ORDER

## INTRODUCTION

*Pro se* Plaintiff Isaac Wynn, a prisoner at the Green Haven Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Because Plaintiff paid the filing fee, the Court screens his complaint under 28 U.S.C. § 1915A. For the reasons that follow, Plaintiff's inadequate medical care claim will proceed to service upon Ms. Brown, Plaintiff's claims against Monroe County Sheriff Todd Baxter ("Sheriff Baxter") in his official capacity are dismissed without leave to amend, the complaint is otherwise dismissed with leave to file an amended complaint as directed below.

## DISCUSSION

### I.    LEGAL STANDARDS

#### A.    Section 1915A

Section 1915A "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims" in complaints filed by prisoners. *Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] The Clerk of Court is directed to amend the caption and update the docket as set forth above.

(2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).  But leave to amend pleadings may be denied when any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**B.      Screening Standards**

District courts screen *pro se* complaints under 28 U.S.C. § 1915A, construing the complaint liberally, *Collymore v. Krystal Myers, RN*, 74 F.4th 22, 28 (2d Cir. 2023) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)), accepting all factual allegations as true, drawing all reasonable inferences in the plaintiff's favor, *Schlosser v. Kwak*, 16 F.4th 1078, 1081 (2d Cir. 2021) (quoting *Harnage v. Lightner*, 916 F.3d 138, 140–41 (2d Cir. 2019)), and interpreting the allegations "to raise the strongest arguments that they suggest," *Lombardo v. Graham*, 807 F. App'x 120, 122 (2d Cir. 2020) (summary order) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)).

To proceed beyond screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Mitchell v.*

*Annucci*, No. 21-2978-PR, 2023 WL 8073106, at \*3 (2d Cir. Nov. 21, 2023) (summary order). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that during the intake process at Monroe County Jail, he told the intake nurse that he is diabetic. ECF No. 1 at 12. As a long-term diabetic, Plaintiff knows his insulin dosage needs, and he told the nurse the correct dosage of insulin and other medications he was taking. *Id.* The jail's medical staff then administered incorrect doses of insulin, which resulted in "blood sugar crashes." *Id.* Instead of adjusting Plaintiff's insulin to balance his blood sugar, medical staff gave Plaintiff glucose tablets or gel, which would temporarily increase his blood sugar, creating a cycle of Plaintiff's blood sugar crashing and spiking. *Id.*

Over the next several months, Plaintiff repeatedly told medical that "something is wrong if [his] sugar levels keep reading low for an extended period." *Id.* His sugar levels "were so low that [he] was having cold-sweats while sleeping and awake which is a sign of extremely low blood sugar levels." *Id.* Medical continued with the cyclical treatment plan even after Plaintiff was hospitalized for a hypoglycemic event and even though Plaintiff continued to question the insulin dosage being administered. *Id.* Rather than listen to Plaintiff's concerns, medical staff became "rude and disrespectful." *Id.* For example, when Plaintiff commented to Ms. Brown that she was giving him too much insulin, she replied, "Don't tell me how to do my job." *Id.* This led to a second trip to the hospital, during which Plaintiff was in a diabetic coma and had "multiple organs start to shut down." *Id.* When he awoke, he was told he was "lucky to be alive." *Id.*

In sum, "[m]edical staff improperly administered insulin leading to two [h]ospital stays with the second occasion being in a coma. Plaintiff was also over prescribed mental health

medication." *Id.* at 5. His injuries include hospitalization, acute renal failure, diabetic coma, memory loss, and "mental stress added to Plaintiff['s] current mental health issue." *Id.*

Plaintiff states that he is bringing claims against PrimeCare Medical ("PrimeCare") for medical malpractice and deliberate indifference. *Id.* at 4. Plaintiff further states, "[o]ther Defendants were Plaintiff[']s [c]ustodian while [h]eld." *Id.* He seeks eight million dollars in damages. *Id.* at 5.

## III.   DEFENDANTS

Although the Federal Rules of Civil Procedure require that the caption of a complaint name all of the parties, Fed. R. Civ. P. 10(a), "courts have found *pro se* complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants." *JCG v. Ercole*, No. 11 CIV. 6844 CM JLC, 2014 WL 1630815, at *16 (S.D.N.Y. Apr. 24, 2014) (collecting cases), *report and recommendation adopted,* No. 11 CIV. 6844 CM JLC, 2014 WL 2769120 (S.D.N.Y. June 18, 2014). Succinctly stated by a sister court, "[t]he substance of the pleadings, not the caption, determines the identity of the parties." *Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 384 n.1 (E.D.N.Y. 2012).

The caption of Plaintiff's complaint lists only Sheriff Baxter and PrimeCare as Defendants. ECF No. 1 at 1. The substance of Plaintiff's complaint—including the section of the form complaint that is provided for listing the names of the Defendants, *id.* at 2-3, and the section that contains Plaintiff's factual narrative, *id.* at 12-13—indicates that Monroe County and Ms. Brown should be included in the caption as named Defendants. Accordingly, the Court has directed the Clerk's Office to amend the caption to include Monroe County and Ms. Brown. *See* n.1, above.

4

## IV.    SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). A plaintiff must plead "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

### A.    Inadequate Medical Care

Because it appears that Plaintiff was a pretrial detainee at the time of the alleged constitutional violation, his allegations of deliberate indifference are analyzed under the Fourteenth Amendment, pursuant to the standard set forth in *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021). A pretrial detainee may establish a claim for constitutionally insufficient medical care by showing that a state actor exhibited deliberate indifference to the detainee's serious medical need. *Charles v. Orange County*, 925 F.3d 73, 85-86 (2d Cir. 2019).

5

A serious medical need is "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Id.* at 86. When deciding whether a plaintiff has plausibly alleged "a serious medical need," courts consider "factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Id.*

Deliberate indifference to a pretrial detainee's serious medical need can be alleged with facts that show "either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Darby*, 14 F.4th at 128 (quoting *Charles*, 925 F.3d at 87).

Plaintiff's allegation that he is an insulin-dependent diabetic sufficiently alleges a serious medical need. *See Beatty v. Davidson*, 713 F. Supp. 2d 167, 174 (W.D.N.Y. 2010) ("This Court need not linger on this point: diabetes is a sufficiently serious medical condition to meet the objective prong.") (collecting cases).

Plaintiff alleges that Ms. Brown gave him an incorrect dosage of insulin; when Plaintiff commented that she was giving him too much insulin, she replied, "Don't tell me how to do my job"; and shortly thereafter Plaintiff lapsed into a diabetic coma requiring outside hospitalization. ECF No. 1 at 12. For the purpose of screening, these allegations sufficiently allege Ms. Brown's deliberate indifference to Plaintiff's serious medical need.

### B.     Municipal Liability

Plaintiff seeks to impose liability against Monroe County and PrimeCare Medical, which he alleges is the medical provider for the Monroe County Jail.  ECF No. 1 at 2.  He also sues Sheriff Baxter in his capacity as an official of Monroe County.  *Id.*

"Municipalities are 'not vicariously liable under § 1983 for their employees' actions.'" *Hernandez v. United States*, 939 F.3d 191, 206 (2d Cir. 2019) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).  "A municipality, however, may be liable under § 1983 if the plaintiff's injury was caused by 'action pursuant to official municipal policy.'" *Id.* (quoting *Connick*, 563 U.S. at 60-61).  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (quoting *Connick*, 563 U.S. at 61).

"A private entity such as PrimeCare, that contracts to provide medical services to a municipality, is considered a municipal defendant for purposes of [a municipal liability claim]." *James v. Monroe County*, No. 20-CV-7094 CJS, 2022 WL 17155831, at *11 (W.D.N.Y. Nov. 22, 2022) (collecting cases).  Like municipal defendants, private employers are not liable under a *respondeat superior* theory for their employees constitutional torts. *Rojas v. Alexander's Dep't Store, Inc.*, 924 F. 2d 406, 408 (2d Cir. 1990).  Instead, the plaintiff must plead and prove that some action pursuant to the private employer's official policy or custom caused a constitutional violation. *Id.*

#### 1. Monroe County

To allege a § 1983 claim against Monroe County, Plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista*

*v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). The only allegation against Monroe County is that it was Plaintiff's "custodian" when the alleged constitutional violations occurred. *See* ECF No. 1 at 4. Because the theory of *respondeat superior* is not available in a § 1983 action, Plaintiff's assertion that Monroe County is liable for his injuries merely because he was in its custody does not state a plausible claim for municipal liability.

The Court cannot rule out any possibility that an amended complaint would succeed in stating a municipal liability claim, *see Abbas*, 480 F.3d at 639, so Plaintiff will be permitted an opportunity to replead his claim against Monroe County. Plaintiff must include non-conclusory facts showing that Monroe County had an official policy or custom that caused him to be subjected to the denial of a right protected by the Constitution or federal law.

### 2. Prime Care Medical

To allege a § 1983 claim against PrimeCare, Plaintiff must plead that an official policy or custom of PrimeCare caused him to be subjected to the denial of a constitutional right. *Zahra*, 48 F.3d at 685. Plaintiff's allegations do not include facts that show he received inadequate medical care due to a policy or custom of PrimeCare.

Because the Court cannot rule out any possibility that an amended complaint would succeed in stating a municipal liability claim against PrimeCare, *see Abbas*, 480 F.3d at 639, Plaintiff is permitted to replead his claim against PrimeCare. In an amended complaint, Plaintiff must include non-conclusory facts showing that PrimeCare had an official policy or custom that caused him to be subjected to the denial of a right protected by the Constitution or federal law.

### 3. Sheriff Baxter

Plaintiff has checked the box on the form complaint indicating that he is suing Sheriff Baxter County in his official capacity only. A suit against Sheriff Baxter in his official capacity

8

is functionally equivalent to a suit against Monroe County. *See Baines v. Masiello*, 288 F. Supp. 2d 376, 384 (W.D.N.Y. 2003) ("[A] suit against a municipal officer in his or her official capacity is functionally equivalent to a suit against the entity of which the officer is an agent.") (citing, *inter alia, Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Plaintiff's official capacity claim against Sheriff Baxter is therefore duplicative of his claim against Monroe County and is dismissed for that reason. *See id.* (dismissing official capacity claims against city council and individual city officials as redundant where city was already named as defendant).

Plaintiff may replead claims against Sheriff Baxter in his individual capacity in an amended complaint. If Plaintiff elects to plead claims against Sheriff Baxter in his individual capacity, his allegations must show that Sheriff Baxter, through his own individual actions, violated a right protected by the Constitution or federal law.

## IV.    STATE LAW CLAIMS

Plaintiff alleges that PrimeCare Medical is liable for medical malpractice. ECF No. 1 at 4. Under New York law, to state a medical malpractice claim "a plaintiff must set forth (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of his or her injuries." *Whitfield v. State of New York*, 162 A.D.3d 1098, 1099 (2d Dep't 2018) (quoting *Elkin v. Goodman*, 24 A.D.3d 717, 720 (2d Dep't 2005)).

In view of the dismissal of Plaintiff's federal claims against PrimeCare, the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims at this time. *See* 28 U.S.C. 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . Certainly, if the federal claims are dismissed before trial, even though not

insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, the Court dismisses, without screening, any potential state law claims.

Given that Plaintiff is granted leave to amend his federal claims against PrimeCare, he also is granted leave to amend his state law claims. If Plaintiff asserts state law claims in an amended complaint, he should include information as to whether he has complied with the notice requirements for bringing a tort claim against a county that are set forth in New York General Municipal Law § 50-e. *See* N.Y. County Law § 52; *Carter v. Broome County*, 394 F. Supp. 3d 228, 247 (N.D.N.Y. 2019) (discussing New York's notice-of-claim requirements).

## V.   *VALENTIN* ORDER

As discussed above, the Court permits the complaint to proceed to service upon Ms. Brown. Pursuant to *Valentin v. Dinkins,* 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam), the Court requests that the Monroe County Law Department ascertain the full name of Ms. Brown. The Court also requests the Monroe County Law Department provide the address where Ms. Brown can currently be served. The Monroe County Law Department need not undertake to defend or indemnify Ms. Brown at this time. This order merely provides a means by which Plaintiff may name and properly serve Ms. Brown as instructed by the Second Circuit in *Valentin*.

The Monroe County Law Department is directed to produce the information requested above within **30 days** of the date of entry of this order. If the Monroe County Law Department is unable to identify Ms. Brown based on the allegations in the complaint, it must notify the Court, in its response to the *Valentin* order, what additional information it requires in order to identify Ms. Brown.

The Monroe County Law Department's *Valentin* response shall be forwarded to the Court's *Pro Se* Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State

Street, Rochester, New York 14614.[2]  Upon the Court's receipt of information identifying Ms. Brown the operative complaint shall be deemed amended to reflect her full name.

## CONCLUSION

For the reasons set forth above, Plaintiff's official capacity claims against Sheriff Baxter are dismissed without leave to amend and the claim against Ms. Brown will proceed to service. The complaint is otherwise dismissed with leave to amend.  Plaintiff is advised that an amended complaint completely replaces the prior complaint in the action rendering any prior complaint "of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each defendant so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's official capacity claims against Sheriff Baxter are dismissed without leave to amend; and it is further

ORDERED that the complaint will proceed to service upon Ms. Brown; and it is further

ORDERED that Plaintiff's remaining claims are dismissed with leave to amend; and it is further

ORDERED that Plaintiff is granted leave to file an amended complaint as directed above by no later than **45 days from the date of this order;** and it is further

---

[2] The response may also be filed in CM/ECF by selecting "*Valentin* Response" under "Discovery Documents." Responses filed using this method are reviewed by court personnel and redacted as appropriate before being made public.

11

ORDERED that the Clerk of Court is directed to send to Plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by the deadline set by the Court, the Clerk of Court is directed to cause the United States Marshals Service to serve copies of the summons, complaint, and this order upon Ms. Brown (once identified) without Plaintiff's payment therefore, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that within **30 days** of the date of this order, the Monroe County Law Department shall provide the Court with the full name and service address of Ms. Brown or a written statement of reasons why such identification is impossible and what information is required to identify her; and it is further

ORDERED that upon the Court's receipt of information from the Monroe County Law Department identifying Ms. Brown, the Clerk of Court shall amend the caption to reflect her full name; and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this Order by mail to John P. Bringewatt, County Attorney, at the Monroe County Law Department, 307 County Office Building, 39 West Main Street, Rochester, New York 14614; and it is further

ORDERED that Plaintiff shall notify the Court in writing if his address changes. The Court may dismiss the action if Plaintiff fails to do so.

IT IS SO ORDERED.

Dated: April 10, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York