UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ISAAC WYNN,

Plaintiff,

v.

TODD BAXTER, *et al.*,

Defendants.

Case # 23-CV-06648-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Isaac Wynn brings this action, alleging medical malpractice and deliberate indifference pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 at 4, 12–13. Presently before the Court is Defendant Nurse Chynna Brown's motion to dismiss, or alternatively, for summary judgment. ECF No. 28. Plaintiff does not oppose the motion. For the reasons set forth below, the Court construes Defendant's motion as a motion for summary judgment. Defendant's motion for summary judgment is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is also appropriate if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The instant case has yet to proceed to discovery. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). However, "notwithstanding the absence of discovery," summary judgment may be granted "where it is clear that the nonmoving party cannot defeat the motion by showing facts sufficient to require a trial for resolution." *Nelson v. Deming*, 140 F. Supp. 3d 248, 257 (W.D.N.Y. 2015) (internal quotation marks and citation omitted); *see Parra v. Wright*, No. 11-CV-6270, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013) (granting defendants' pre-discovery motion for summary judgment on exhaustion grounds because the facts were "not disputed, and it does not appear that any amount of discovery would change the outcome"). Conversely, where the nonmoving party has not "had the opportunity to discover information that is essential to his opposition" to the motion, pre-discovery motions for summary judgment are inappropriate. *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (quotation omitted).

In addition, "[w]here, as here, a summary judgment motion is unopposed, uncontroverted facts in the moving party's statement pursuant to [the local rules] are deemed admitted." *Siler v. Walden*, No. 20-CV-05794, 2023 WL 3871999, at *4 (S.D.N.Y. June 7, 2023) (quotation marks and citation omitted); *see also Fate v. Petranker*, No. 19-CV-05519, 2022 WL 2672317, at *1 (S.D.N.Y. July 8, 2022) ("Statements made by [d]efendant that are supported by admissible evidence and not refuted by [p]laintiff are deemed admitted."). Nevertheless, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence

sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014); *Oliver v. Gilmore*, No. 13-CV-490A, 2014 WL 6387352, at *4 (W.D.N.Y. Nov. 14, 2014) ("This Court cannot automatically grant summary judgment merely upon an opponent's failure to respond to a movant's statement of material facts, but if the record supports the unopposed statements of fact, summary judgment is appropriate.").

Moreover, *pro se* litigants "must be given extra latitude, particularly on a summary judgment motion." *Barrett v. Moody*, No. 19-CV-190, 2023 WL 2898310, at *6 n.4 (W.D.N.Y. Feb. 23, 2023) (quotation marks and citation omitted), *report and recommendation adopted*, 2023 WL 2898659 (W.D.N.Y. Apr. 10, 2023); *Coley-Allen v. Strong Health*, 828 F. Supp. 2d 582, 584–85 (W.D.N.Y. 2011) ("While the motion is unopposed, the Court has nonetheless examined the record in detail, remaining mindful of the standards relevant to deciding a motion for summary judgment, and granting plaintiff every favorable inference as a *pro se* litigant, and as a non-movant."). "[A]n unopposed summary judgment motion in a *pro se* action may be granted where (1) the *pro se* litigant has received adequate notice that failure to file any opposition may result in the entry of summary judgment without trial,[1] and (2) the court is satisfied that 'the facts as to which there is no genuine dispute show that the moving party is entitled to summary judgment as a matter of law.'" *Taylor v. Consol. Rail Corp.*, 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (quoting *Champion v. Artuz,* 76 F.3d 483, 485 (2d Cir. 1996)); *Lue v. JPMorgan Chase & Co.*, 768 F. App'x

[1] Here, the Court informed Plaintiff of the deadline to file a response and that failure would result in the motion being deemed unopposed and his complaint potentially being dismissed without trial. ECF No. 29. This order was mailed to Plaintiff. *Id*. The Court is thus satisfied that Plaintiff has received adequate notice of the consequences of non-opposition to Defendant's motion. *See Jackson v. Jackson*, No. 16-CV-08516, 2021 WL 981849, at *5 (S.D.N.Y. Mar. 16, 2021) (finding adequate notice where *pro se* plaintiff "was warned that failure to file an opposition would result in the [c]ourt concluding that the motion was unopposed"); *Taylor v. Consol. Rail Corp.*, 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (finding sufficient notice where the court "thoroughly explained both the procedures plaintiff should follow if he wished to proceed *pro se* and oppose the summary judgment motion, and the consequences that would result if plaintiff failed to timely submit opposition papers").

7, 10 (2d Cir. 2019) (summary order) ("Where a motion for summary judgment is unopposed, summary judgment is proper only if the court is satisfied that the moving party has met its burden with sufficient support in the record evidence.").

**BACKGROUND**

**I. The Material Facts Are Undisputed**

Defendant moves to dismiss, or alternatively, for summary judgment. ECF No. 28. The Court may properly consider Defendant's motion as a motion for summary judgment because Plaintiff was provided with the materials required to give adequate notice that Defendant was filing a summary judgment motion. Defendant's motion states that she is alternatively moving for summary judgment. *Id.* Defendant also served on Plaintiff a Federal Rule of Civil Procedure ("Rule") 56 Statement of Undisputed Facts ("Rule 56 Statement") and a "Notice to Pro Se Litigant Regarding Rule 56 Motion for Summary Judgment" ("Notice"). ECF Nos. 28-4, 28-7. This Notice was sufficient to alert Plaintiff to the procedural requirements of summary judgment motions and the consequences of not responding. Plaintiff unquestionably received Defendant's motion and materials as demonstrated by Plaintiff's two requests for extension to respond to Defendant's motion. ECF Nos. 36, 38. Yet, Plaintiff neither responded nor requested an opportunity for discovery. In light of these circumstances, the Court may consider Defendant's motion as a motion for summary judgment. *See Morales v. Fischer*, 46 F. Supp. 3d 239, 245–46 (W.D.N.Y. 2014) (considering defendant's motion as one for summary judgment where a *pro se* plaintiff was provided with the materials required to receive adequate notice to advise the summary judgment requirements and plaintiff had an opportunity to respond).

Defendant served Plaintiff with a Rule 56 Statement along with the Notice that warned Plaintiff of the consequences of not responding. ECF Nos. 28-4, 28-7. The Court's Scheduling

Order also advised Plaintiff of the consequences of not responding to Defendants' motion. ECF No. 29. Yet, Plaintiff failed to file an opposing statement contesting Defendant's Rule 56 Statement or otherwise respond to Defendant's motion. Having reviewed Defendant's Rule 56 Statement and found it satisfactory, *see Jackson*, 766 F.3d at 195, the Court adopts Defendant's Rule 56 Statement as the undisputed facts of the case. *See Xerox Corp. v. Sw. Direct, Inc.*, No. 15-CV-6245, 2016 WL 3766425, at *2 (W.D.N.Y. July 8, 2016) ("[A]ccepting as true the material facts contained in the moving party's statement of facts because the non-moving party failed to file a response[.]") (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)).

## II. Undisputed Facts of the Case

Plaintiff's claims arise from the medical care that Plaintiff received while he was detained at the Monroe County Jail from January 8, 2022, through March 31, 2022. ECF No. 28-7 ¶ 1. Upon intake at the Monroe County Jail, Plaintiff advised the nursing staff that he was diabetic and had been taking insulin for over ten years. *Id.* ¶ 2. Plaintiff began experiencing issues with low blood sugar. *Id.* ¶ 3. The medical staff provided Plaintiff with glucose tablets, glucose tubes, and glucose gel to treat Plaintiff's condition. *Id.* However, Plaintiff began experiencing cold-sweats and low blood sugar. *Id.* ¶ 4. As a result, Plaintiff was taken to Strong Hospital for treatment. *Id.*

Plaintiff was later transferred to Strong Hospital a second time on March 31, 2022, after "having gone to sick [sic]." *Id.* ¶ 5. Plaintiff alleges that a "Ms. Brown" administered his insulin at times. ECF No. 1 at 12; ECF No. 28-7 ¶ 6. However, Defendant was not employed at the Monroe County Jail, nor was she assigned to provide healthcare services there, during 2022. ECF No. 28-7 ¶ 8; ECF No. 28-2 at 2 ¶¶ 4–7; ECF No. 28-3 at 2 ¶¶ 4–6. Plaintiff alleges that he now suffers from memory issues and problems urinating as a result of the inadequate treatment. ECF No. 28-7 ¶ 7.

On November 9, 2023, Plaintiff commenced this action, alleging medical malpractice and deliberate indifference that occurred while he was detained at the Monroe County Jail against PrimeCare Medical, Inc. ("PrimeCare"), the County of Monroe, and Sheriff Todd Baxter, in his official capacity. ECF No. 1. Plaintiff did not initially name Chynna Brown as a defendant. *Id.* However, after screening the complaint pursuant to 28 U.S.C. § 1915A, the Court found that the complaint also directed claims against "Ms. Brown" for deliberate indifference to Plaintiff's serious medical needs. ECF No. 7 at 4, 6. Therefore, the Court directed that "Ms. Brown" be included as a defendant and ordered that she be served pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75–56 (2d Cir. 1997). ECF No. 7 at 4, 10–11. On July 10, 2024, the Court directed personal service upon Chynna Brown. ECF No. 10. On January 9, 2026, Defendant Chynna Brown moved to dismiss, or alternatively, for summary judgment. ECF No. 28.

**DISCUSSION**

Plaintiff alleges that Defendant was deliberately indifferent to his medical needs because Defendant failed to provide adequate treatment between January and March 2022 while Plaintiff was detained at the Monroe County Jail. ECF No. 1 at 4–5, 12. Defendant moves for summary judgment on Plaintiff's claim.[2] ECF No. 28. Defendant contends that Plaintiff cannot prove Defendant's personal involvement as required in a 42 U.S.C. § 1983 claim because Defendant was not employed at the Monroe County Jail at the time the alleged incidents that gave rise to Plaintiff's allegation took place. ECF No. 28-6 at 5–6. Defendant also argues that Plaintiff fails to allege a cognizable § 1983 claim for deliberate indifference. *Id.* at 6–11. As the Court concludes that summary judgment is appropriate because Defendant was not personally involved, the Court need not discuss whether Defendant was deliberately indifferent.

---

[2] Defendant also requests that the Court "dismiss[] Plaintiff's Second Amended Complaint." ECF No. 28 at 1. However, Plaintiff never filed an amended complaint.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted). Here, Plaintiff fails to establish Defendant's personal involvement. It is undisputed that in 2022, Defendant was not employed at the Monroe County Jail, nor was she assigned to provide healthcare services there. ECF No. 28-7 ¶ 8. In support of this fact, Defendant submitted two sworn declarations. ECF Nos. 28-2, 28-3. The first declaration was submitted by Jennifer Locklier who is PrimeCare's Director of Human Resources. ECF No. 28-2 at 2 ¶ 1. Locklier states that PrimeCare "provides comprehensive healthcare services to . . . Monroe County Jail" and contracts with Personal Registered Professional Nursing P.C. ("Nursing P.C."), which provides nursing services at the facilities in which PrimeCare operates. *Id.* ¶¶ 2–3. Locklier further states that according to the employment records of both Nursing P.C. and PrimeCare, Defendant was not employed by either entity or any related entity at any time after May 25, 2021. *Id.* ¶ 6. Locklier thus concludes that Defendant was not employed at the Monroe County Jail, nor assigned to provide healthcare services there, during 2022 when Plaintiff alleges that the events in this case took place. *Id.* ¶ 7. The second declaration was submitted by Defendant who also states that she worked as a licensed practical nurse at the Monroe County Jail from March 14, 2021, to May 25, 2021, and did not work at the Monroe County Jail at any time during 2022. ECF No. 28-3 at 2 ¶¶ 4–6.

The Court concludes that summary judgment is appropriate in light of the ample evidence that shows Defendant was not present at the Monroe County Jail in 2022. Because Defendant was not present at the time of the alleged conduct, she could not have been personally involved in the treatment of Plaintiff's diabetes and therefore could not be deliberately indifferent to Plaintiff's medical condition when he was detained. *See Colon*, 58 F.3d at 873. Furthermore, "it does not

appear that any amount of discovery would change the outcome" in this instance. *Parra*, 2013 WL 6669235, at *7. Defendant was not present and therefore cannot be culpable. Because Defendant has proved that she was not present at the Monroe County Jail at the time Plaintiff alleges the incidents that gave rise to this case took place, Defendant is entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 323. Accordingly, Plaintiff's claim against Defendant is dismissed with prejudice.

Additionally, the Court turns to Plaintiff's claims against PrimeCare, the County of Monroe, and Baxter. ECF No. 1. After screening Plaintiff's complaint in April 2024, the Court dismissed Plaintiff's claims against PrimeCare, the County of Monroe, and Baxter and gave Plaintiff 45 days to file an amended complaint. ECF No. 7 at 7–9, 11–12. However, to date, Plaintiff has not filed an amended complaint. Therefore, the Court dismisses Plaintiff's claims against PrimeCare, the County of Monroe, and Baxter with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 28) is GRANTED. Plaintiff's claims against Nurse Chynna Brown, as well as against PrimeCare Medical, Inc., the County of Monroe, and Baxter, are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 17, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York